

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# USA v. Giblin

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2222

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Giblin" (2008). *2008 Decisions.* Paper 1139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2222
_____

UNITED STATES OF AMERICA

v.

PATRICK M. GIBLIN,
            Appellant

_____

Appeal from the
United States District Court for the
District of New Jersey
(D.C. No. 05-cr-00439)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2008

_____

Before: BARRY and STAPLETON, <u>Circuit Judges</u>, and
RESTANI*, <u>Judge</u>

(Filed: May 27, 2008)

_____

OPINION OF THE COURT
_____

_____
    *Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>

Appellant Patrick M. Giblin ("Giblin") appeals from his sentence imposed after a plea of guilty to ten counts of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced him to 115 months imprisonment, a three-year term of supervised release, and $182,443.98 in restitution. Giblin argues that the District Court erred in applying a two-level sentencing enhancement under U.S.S.G. § 3A1.1(b)(1) because of vulnerable victims. We will affirm.

**Procedural and Factual Background**

From January 2000 through March 2005, Giblin used various telephone dating services to target women and obtain money from them though fraudulent pretenses. Giblin created numerous accounts in his name on dating services and would "cultivate a telephone rapport" with each woman under the false pretense of pursuing a relationship. Giblin would then ask the victims for money, claiming that it was needed for moving or traveling expenses in order to relocate to their area. Although Giblin claimed the money would be paid back after his relocation, he never met any of the women or returned the money. The indictment alleged that over the course of his scheme, Giblin induced at least eighty women to wire him money.

On May 12, 2006, Giblin pled guilty to counts 1 through 10 of the indictment charging him with wire fraud in violation of 18 U.S.C. § 1343. As part of the plea agreement, the government dismissed counts 11 through 15 charging Giblin with

2

extortion in violation of 18 U.S.C. § 875(b).  The parties also stipulated to the applicable

Guideline to be used, the amount of loss, the number of victims, and for a two-level

sentencing reduction for acceptance of guilt.  Under the plea agreement, the parties were

permitted to litigate whether a two-level enhancement should be applied pursuant to

U.S.S.G § 3A1.1(b)(1) because the offense involved at least one vulnerable victim.

At his sentencing hearing on April 17, 2007, Giblin objected to the

recommendation in the presentence investigation report that the District Court apply a

two-level enhancement because he knew or should have known that many of the women

he defrauded were particularly vulnerable victims.  Giblin argued that he had "set out a

wide net with a dating service" to "people who freely market[] themselves and expose

themselves to strangers in hopes [of making] some kind of a relationship."  (Appellant's

App. 103.)  Giblin noted that the women could have avoided the crimes by simply

hanging up the phone.  (Id. at 105.)

In support of the enhancement, the government presented the testimony of two of

the victims.  The first testified that she advised Giblin that she was divorced, had lost her

only son in a car accident, had a father recently diagnosed with terminal cancer, and had

been laid off from her job of thirteen years.  She also informed Giblin that she had

$20,000 in life insurance money from her son's death.  Giblin told the victim that he was

moving to her area for work and intended to meet her, but needed money for car repairs,

food, and bail.  The victim testified that over time Giblin became abusive toward her,

3

calling her names and threatening to harm her father if she did not send more money. She sent a total of $18,000 to Giblin.

The second victim told Giblin that she was blind and divorced. She testified that Giblin told her he was going to move to her area and promised her a romantic relationship. She stated that as time went on, Giblin became possessive and obsessive and threatened her and her children. This victim sent Giblin a total of over $15,000.

The District Court rejected Giblin's arguments. (Id. at 107–109.) Specifically, the District Court found that the first victim was vulnerable given the loss of her father and son and the second was vulnerable because of her blindness and mental status. (Id. at 108.) The District Court added the two-level enhancement and concluded that Giblin's total offense level was 23, which resulted in a guideline range of 92 to 115 months of imprisonment. (Id. at 109.) As noted above, a 115 month term of imprisonment was imposed and Giblin timely appealed.

**Jurisdiction and Standard of Review**

We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's legitimate interpretation of the Sentencing Guidelines is subject to plenary review. United States v. Zats, 298 F.3d 182, 185 (3d Cir. 2002) (citing United States v. Monostra, 125 F.3d 183, 188 (3d Cir. 1997)). We review the District Court's findings of fact and the application of the vulnerable victim enhancement to these facts for clear error. Id..

4

**Discussion**

Giblin's only objection to his sentence concerns the District Court's application of th two-level vulnerable victim enhancement to his base offense level under U.S.S.G. § 3A1.1(b)(1). Giblin argues the District Court erred in finding that two of his victims were vulnerable because no clear causal connection existed between the victim's perceived vulnerabilities and the ultimate success of the crime, as "it was the victims' availability, not their perceived vulnerabilities, which made this scheme succeed." (Appellant's Br. 15.) Giblin alleges that he did not exploit the victims' vulnerabilities but instead "indiscriminately pursued a large volume of women who advertised their availability . . . [and] should have been keenly aware of the risks associated with their behavior." (Id. at 16.)

The vulnerable victim enhancement, U.S.S.G. § 3A1.1(b), provides that "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." U.S.S.G. § 3A1.1(b)(1) (2000). The Guidelines define a "vulnerable victim" as a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." Id. at cmt. n.2. "The enhancement may be applied where: (1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was 'a nexus between the

5

victim's vulnerability and the crime's ultimate success.'" United States v. Iannone, 184 F.3d 214, 220 (3d Cir. 1999) (quoting Monostra, 125 F.3d at 190). Further, in order to qualify for a vulnerable victim enhancement, the government does not need to prove "that every, or even most, of [Giblin's] victims were vulnerable or that he knew or should have known of the vulnerabilities in every case," but rather only that he knew or should have known that a victim of the offense was vulnerable. Zats, 298 F.3d at 190.

The record supports the District Court's finding that Giblin qualified for the two-level enhancement. The District Court made its own determination that these women were vulnerable victims based on their "individual personality traits and characteristics," and did not simply find that persons who join dating services are per se vulnerable to the type of fraudulent scheme advanced by Giblin. Iannone, 184 F.3d at 221; see also Zats, 298 F.3d at 188 ("[P]resumed vulnerabilities among broad classes of victims . . . are disfavored as a basis for the enhancement because such presumptions are often incorrect with respect to specific individuals.").

Giblin knew of his victims' vulnerability from the outset. The District Court observed that the victims "were up front in the beginning with him about their difficulties." (Appellant's App. 108.) As the District Court specifically noted, the defendant need not target a victim based on her vulnerability, but, rather, it is sufficient that a defendant knew or should have known of the victim's susceptibility. (Id. at 108–09); see also Zats, 298 F.3d at 189–90 ("Nothing in the Guidelines requires that an

6

offender have prior knowledge of his victim's vulnerabilities. . . . That knowledge or notice could arise during the course of an ongoing offense such as fraud.").

Finally, there was a nexus between the victims' vulnerability and the success of Giblin's fraud. Specifically, the District Court stated that once Giblin learned of the physical and emotional disabilities of these women it "made his job a lot easier." (Appellant's App. 109.)

## Conclusion

The District Court clearly articulated the grounds for its application of the two-level enhancement under the Iannone three-step analysis.[1] We find that the District Court did not err in enhancing Giblin's offense level under § 3A1.1(b)(1) and we will affirm.

---

[1] Although the District Court did not cite Iannone in its vulnerable victim enhancement analysis, "failure to use the case name during sentencing in open court does not . . . indicate that the application of the enhancement was error." United States v. Hawes, 523 F.3d 245, 255 (3d Cir. 2008).